**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **KEVIN MORSE** | : | **Case No. 1:21-cv-377** |
| **8212 Forest Road** | : | |
| **Cincinnati, Ohio 45255** | : | **Judge** |
| | : | |
| **On behalf of himself and** | : | |
| **those similarly situated,** | : | |
| | : | |
| **vs.** | : | **COLLECTIVE AND CLASS ACTION** |
| | : | **COMPLAINT AND JURY DEMAND** |
| **FIFTY WEST BREWING** | : | |
| **COMPANY LLC** | : | |
| **5601 Malsbary Road** | : | |
| **Cincinnati, OH 45242** | : | |
| | : | |
| **and** | : | |
| | : | |
| **NEW BROTHERS BREWING, LLC** | : | |
| **7668 Wooster Pike** | : | |
| **Cincinnati, OH 45227** | : | |
| | : | |
| **and** | : | |
| | : | |
| **ROBERT J. SLATTERY, JR.** | : | |
| **7330 Drake Road** | : | |
| **Cincinnati, OH 45243** | : | |
| | : | |
| **and** | : | |
| | : | |
| **ROBERT J. SLATTERY, SR.** | : | |
| **7855 Shawnee Run Road** | : | |
| **Cincinnati, OH 45243** | : | |
| | : | |
| **Defendants.** | : | |

_____

**PRELIMINARY STATEMENT**

1.     Plaintiff Kevin Morse brings this action as an opt-in collective action on

behalf of himself and all similarly situated individuals against Defendants Fifty West

Brewing Company, LLC; New Brothers Brewing, LLC; Robert J. Slattery, Jr., and Robert

J. Slattery, Sr. ("Defendants") for willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. He also brings this action against Defendants as an opt-out class action on behalf of himself and all similarly situated individuals for willful violations of the Ohio Constitution Article II Section 34(a), O.R.C. § 4113.15 (Ohio's "Prompt Pay Act"), O.R.C. § 2307.60, and for unjust enrichment.

2. Defendants' violations of the above-referenced laws arise out of the practice of compensating its managers and supervisors with tips, i.e., converting tips which belong to its employees to the property of the employer. Defendants also violated these laws by utilizing a tip credit towards its state and federal minimum wage obligation while at the same time requiring tipped employees to participate in a tip pool that includes employees who do not customarily and regularly receive tips.

3. Plaintiff seeks to represent all of Defendants' hourly employees who customarily and regularly receive tips that were denied wages to which they were entitled as a result of the above-referenced pay schemes. These employees include two subgroups (some employees are members of both groups) who have been subject to the same or similar employment policies and practices:

- Subgroup 1: All hourly employees who customarily and regularly received tips and who worked for Defendants at any time between March 1, 2020 and May 9, 2020, during which time Defendants paid the proposed class members the minimum wage but unlawfully redistributed tips to managers and supervisors.

- Subgroup 2: All tip-credited employees who have been employed by Defendants at any time between May 10, 2020 and the present who have been forced to participate in a tip pool with employees who do not customarily and regularly receive tips and/or had their tips unlawfully redistributed to managers and supervisors.

4. Plaintiff, on behalf of himself and all similarly situated individuals in Subgroup 1 and Subgroup 2, seeks appropriate monetary, declaratory, and equitable relief

based on Defendants' willful failure to compensate them in accordance with state and federal wage laws.

## JURISDICTION AND VENUE

5.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by the FLSA. This Court may assume supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same nucleus of operative facts as his federal claims.

6.     Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio.

## PARTIES

### A. Kevin Morse

7.     Plaintiff Kevin Morse is a resident of Ohio and a United States citizen. At all relevant times relevant to this Complaint, Plaintiff worked within the boundaries of the Southern District of Ohio.

8.     Plaintiff is an "employee" of Defendants as defined by the FLSA, Ohio Constitution Section 34a, and the Ohio Prompt Pay Act.

9.     Plaintiff is a member of both subgroups outlined in Paragraph 3, *supra*.

10.     Plaintiff has given written consent to join this action, attached hereto.

### B. Defendants

11.     Upon information and belief, Defendants formally operate at least two Fifty West Brewing Company locations in the greater Cincinnati, Ohio area.

3

**1. Fifty West Brewing Company LLC**

12.     Defendant Fifty West Brewing Company LLC is a domestic limited liability company authorized to do business under the laws of Ohio.

13.     Defendant Fifty West Brewing Company LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA, Ohio Constitution Section 34a, and the Ohio Prompt Pay Act.

14.     At all relevant times, Defendant Fifty West Brewing Company LLC has been engaged in commerce and/or in the "production of goods for commerce" within the meaning of the FLSA.

15.     To the best of Plaintiff's knowledge, information, and belief, Defendant Fifty West Brewing Company LLC's gross revenue exceeds $500,000 per year.

**2. New Brothers Brewing, LLC**

16.     Defendant New Brothers Brewing, LLC is, upon information and belief, a for-profit business located at 7668 Wooster Pike, Cincinnati, OH 45227.  Defendant New Brothers Brewing, LLC conducts business under the name "Fifty West Brewing Company" and is authorized to do business under the laws of the state of Ohio.

17.     Defendant New Brothers Brewing, LLC is an "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA, Section 34a, and the Ohio Prompt Pay Act.

18.     At all relevant times, Defendant New Brothers Brewing, LLC has been engaged in commerce and/or in the "production of goods for commerce" within the meaning of the FLSA.

19.     To the best of Plaintiff's knowledge, information, and belief, Defendant New Brothers Brewing, LLC's gross revenue exceeds $500,000 per year.

### 3. Robert J. Slattery, Jr.

20.     Defendant Robert J. Slattery, Jr. is a resident of Ohio and the co-owner and operator of Fifty West Brewing Company LLC and New Brothers Brewing, LLC.

21.     Robert J. Slattery, Jr. is individually liable to members of Subgroups 1 and 2 because he is an "employer" as that term is defined by FLSA, Section 34a, and the Ohio Prompt Pay Act.  Mr. Slattery owns and operates the Fifty West locations, serves as a manager and/or member of the Defendant entities, ultimately controls significant aspects of the Fifty West locations' day-to-day functions, and ultimately controls compensation of employees.

22.     At all relevant times, by virtue of his role as owner and operator of the Fifty West locations, Robert J. Slattery, Jr. had the power to stop any illegal pay practices that harmed employees at the Fifty West locations.

### 4. Robert J. Slattery, Sr.

23.     Defendant Robert J. Slattery, Sr. is a resident of Ohio and the co-owner and operator of Fifty West Brewing Company LLC and New Brothers Brewing, LLC.

24.     Robert J. Slattery, Sr. is individually liable to members of Subgroups 1 and 2 because he is an "employer" as that term is defined by FLSA, Section 34a, and the Ohio Prompt Pay Act.  Mr. Slattery owns and operates the Fifty West locations, serves as a manager and/or member of the Defendant entities, ultimately controls significant aspects of the Fifty West locations' day-to-day functions, and ultimately controls compensation of employees.

25.     At all relevant times, by virtue of his role as owner and operator of the Fifty West locations, Robert J. Slattery, Sr. had the power to stop any illegal pay practices that harmed employees at the Fifty West locations.

## STATEMENT OF THE CASE

26.     Defendants operate at least two Fifty West locations (collectively "Fifty West") in Cincinnati, Ohio.  The primary function of the locations is to sell food and beverages to customers, whether they dine in or carry out.

27.     Plaintiff Kevin Morse and similarly situated persons he seeks to represent (members of Subgroups 1 and 2) are hourly employees of Fifty West who worked in positions that customarily and regularly receive tips during the time period from March 21, 2020 through the present.  These employees include, but may not be limited to, bartenders, servers, and food and beverage runners.  These employees are non-exempt.

### 1.  Subgroup 1 (March 21, 2020 – May 9, 2020)

28.     On or about March 21, 2020, Fifty West resumed take-out only operations after being closed due to the pandemic.

29.     During the time period between March 21, 2020 and May 9, 2020, Defendants employed members of Subgroup 1, including Plaintiff Kevin Morse, in furtherance of Fifty West's takeout service. Members of Subgroup 1 were responsible for interfacing with customers, including taking orders, preparing beverages, packaging orders, and processing orders for customers.  Members of Subgroup 1 were paid at or above Ohio's minimum wage.

30.     In connection with the take-out service, Fifty West solicited and accepted tips from customers.  However, rather than distribute these tips to members of Subgroup 1, Defendants withheld the tips and distributed them to supervisors and managers in the form of bonuses.

31.     Because these supervisors/managers were responsible for directing the work of employees, hiring and/or firing employees, setting employees' work schedules,

and/or otherwise controlling employees' conditions of employment, this practice unlawfully converted tips which belonged to members of Subgroup 1 to the property of Defendants.

### 2. __Subgroup 2__ (May 10, 2020 – Present)

32. On or about May 10, 2020, Fifty West resumed in-person dining at one or more of its locations. It also continued operation of its take-out service.

33. During this period, Defendants employed members of Subgroup 2, including Plaintiff Kevin Morse, to continue the take-out service as well as greet, serve, and clean up after dine-in customers. Rather than pay them the full minimum wage, Defendants began using the tip credit to offset Fifty West's federal and state minimum wage obligations to members of Subgroup 2.

34. During this period, Defendants have continued to use tips collected from its takeout service to compensate supervisors/managers and have withheld the tips from members of Subgroup 2. This practice unlawfully converts tips which belong to members of Subgroup 2 to the property of Defendants.

35. Additionally, during this period Defendants have required members of Subgroup 2, including Plaintiff, to participate in a tip pool with employees who do not customarily and regularly receive tips, including, but not limited to, line cooks and kitchen staff. Defendants set the percentage that members of Subgroup 2 are required to pay non-tip credited employees; the amount is not voluntary or discretionary.

36. Defendants' inclusion of these non-serving, non-tip credited employees in its tip pool invalidates the tip pool, resulting in the misapplication of the tip credit, the misappropriation of the tip credit, and the misappropriation of Subgroup 2's tip earnings.

37. Since May 2020, Plaintiff has repeatedly complained to his supervisors, including Robert J. Slattery, Jr., that the tip pooling arrangement violates the law. Plaintiff's complaints have been met with open hostility. Indeed, Plaintiff's manager, Joe Haines, responded to Plaintiff by telling him, "welcome to 'we're fucked,' deal with it."

## FLSA COLLECTIVE ACTION ALLEGATIONS (Counts 1 & 2)

38. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

39. Plaintiff brings this action on behalf of himself and all similarly situated members of Subgroup 1 and Subgroup 2 who elect to opt-in to this action. Plaintiff's claims are essentially the same as those of the members of both subgroups. Members of both subgroups are readily identifiable and ascertainable and as this case proceeds it is likely other individuals will file consent forms and join as opt-in plaintiffs.

40. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201, *et seq*. by: (1) willfully withholding take-out service tips from members of Subgroups 1 and 2, including Plaintiff, and redistributing them to managers; and (2) requiring members of Subgroup 2, including Plaintiff, to participate in an illegal tip pooling arrangement with employees who do not customarily and regularly receive tips.

## OHIO CLASS ACTION ALLEGATIONS (Counts 3 – 6)

41. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

42. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff files this action individually and as a class action on behalf of himself and two subgroups of similarly situated people "the class":

<u>Subgroup 1</u>: All hourly employees who customarily and regularly received tips and who worked for Defendants at any time between March 1, 2020 and May 9, 2020, during which time Defendants paid the proposed class members the minimum wage but unlawfully redistributed tips to managers and supervisors.

<u>Subgroup 2</u>: All tip-credited employees who have been employed by Defendants at any time between May 10, 2020 and the present who have been forced to participate in a tip pool with employees who do not customarily and regularly receive tips and/or had their tips unlawfully redistributed to managers and supervisors.

43. The number and identity of the Rule 23 class members should be ascertainable from Defendants' records, and for purposes of notice the names and contact information for Rule 23 class members should be determinable from Defendants' records.

44. The Rule 23 class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and Court. Thus, the requirements of Rule 23(a)(1) are met.

45. There are common questions of law and fact affecting the class members, including but not limited to, whether Defendants' uniformly applied compensation practices of withholding tips and redistributing them to managers and requiring tip-credit employees to participate in an illegal tip pool was unlawful, and the proper measure of damages sustained by the class members. Thus, the requirements of Rule 23(a)(2) are met.

46. Plaintiff's claims are typical of the claims of the class as a whole. Plaintiff and the proposed class have suffered harm due to Defendants' withholding of their tips, forcing them to participate in an illegal tip pool, and failing to pay them the required minimum wage. Thus, the requirements of Rule 23(a)(3) are met.

47. Plaintiff will fairly and adequately protect the interests of the class. His interests are consistent with the interests of the class and he has retained counsel

experienced in complex wage and hour litigation. Thus, the requirements of Rule 23(a)(4) are met.

48.    This class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court. The members of the proposed class have been damaged and are entitled to recovery as result of Defendants' common practices and uniform policies. The damages suffered by the Ohio Rule 23 class members are small compared to the expense and burden of individually prosecuting this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices. Thus, certification under Rule 23(b)(3) is appropriate.

## CAUSES OF ACTION

### COUNT 1
### Unlawful Distribution of Tips (FLSA)

49.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

50.    Plaintiff and members of Subgroups 1 and 2 are or were non-exempt, hourly employees entitled to receive tips from customers.

51.    By withholding tips from the takeout service from members of Subgroups 1 and 2 and redistributing them to supervisors/managers Defendants willfully violated the FLSA.

52.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of Subgroups 1 and 2 are entitled to damages, including but not limited to unpaid wages, wrongfully withheld tips, liquidated damages, costs, and attorneys' fees.

## COUNT 2
### Illegal Tip Pool/Failure to Pay Minimum Wages (FLSA)

53.    Plaintiff restates and reincorporates the foregoing allegations as if fully rewritten herein.

54.    Plaintiff and members of Subgroup 2 are or were non-exempt, hourly employees entitled to receive no less than minimum wage for all hours worked.

55.    Defendants' policy and practice of using the tip credit to offset its minimum wage obligation to members of Subgroup 2, while at the same time requiring members of Subgroup 2 to participate in a tip pool that includes employees who do not customarily and regularly receives tips, constitutes a willful violation of the FLSA.

56.    As a result of Defendants' willful violations, Plaintiff and members of Subgroup 2 are entitled to damages, including but not limited to the balance of the minimum wage for all hours worked pursuant to the tip credit, wrongfully distributed tips, liquidated damages, costs, and attorneys' fees.

## COUNT 3
### Failure to Pay Minimum Wages (Ohio Constitution, Article II, § 34a)

57.    Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

58.    Defendants paid Plaintiff Subgroup 2 below minimum wage for the hours they worked.

59.    Defendants required Plaintiff Subgroup 2 to pool and share tips with employees who do not customarily receive tips.

60.   Because Defendants required Plaintiff Subgroup 2 to participate in an invalid tip pooling arrangement with employees who do not customarily and regularly receive tips, Defendants were required to pay Plaintiff and Subgroup 2 the required minimum wage without the benefit of tip credit.

61.   By not paying Plaintiff Subgroup 2 at least minimum wage for each hour worked, Defendants have violated the Ohio Constitution, Article II, § 34a.

62.   As a result of Defendants' violations, Plaintiff Subgroup 2 are entitled to damages, including, but not limited to, unpaid wages, misappropriated tips, unreimbursed expenses, an additional two times unpaid wages/unreimbursed expenses in damages under Section 34a, costs, and attorneys' fees.

### COUNT 4
### Untimely Payment of Wages – O.R.C. § 4113.15

63.   Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

64.   During all relevant times, Defendants were covered by O.R.C. § 4113.15, and Plaintiff and Subgroups 1 and 2 were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

65.   O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and other members of Subgroups 1 and 2 all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

66.   The tips left for these employees constituted wages earned by them.

67. By failing to pay Plaintiff and Subgroups 1 and 2 for all tips they were entitled to under the FLSA and Ohio Constitution, Defendants have violated the Ohio Prompt Pay Act. Defendants have also violated the Ohio Prompt Pay Act by failing to pay Plaintiff and Subgroup 2 the full statutory minimum wage while requiring them to participate in a tip pooling arrangement with employees who do not customarily and regularly receive tips.

68. Plaintiff and Subgroups 1 and 2's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

69. In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

70. As a result of Defendants' willful violation, Plaintiff and Subgroups 1 and 2 are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**COUNT 5**
**Damages Pursuant to O.R.C. § 2307.60**

71. Plaintiff restates and reincorporates the foregoing allegations as if fully rewritten herein.

72. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

73. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff and the members of Subgroups 1 and 2 have been injured as a result.

74. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

75.     As a result of Defendants' willful violations of the FLSA, Plaintiff and members of Subgroups 1 and 2 are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60, including unpaid wages, misappropriated tips, interest, and attorney fees and costs.

## COUNT 6
## Unjust Enrichment

76.     Plaintiff restates and reincorporates the foregoing allegations as if fully rewritten herein.

77.     Plaintiff and members of Subgroups 1 and 2 have conferred a benefit on Defendants by actively participating in the operation of Defendants' business.

78.     Defendants are aware of and have accepted the benefit conferred on them by Plaintiff and members of Subgroups 1 and 2.

79.     It would be unjust for Defendants to be permitted to retain the benefit conferred on them without commensurate compensation.

80.     Plaintiff and members of Subgroups 1 and 2 are entitled to equitable restitution of all withheld tips for takeout sales.

81.     Plaintiff and members of Subgroup 2 are entitled to equitable restitution of the minimum wage they were denied while being forced to participate in an invalid tip pooling arrangement.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Kevin Morse prays for all of the following relief on behalf of himself and all other similarly situated members of Subgroups 1 and 2:

1.     Designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice to all similarly-situated members of an

opt-in class, apprising them of this action, permitting them to assert timely wage and hour claims in this action, and appointment of Plaintiff and their counsel to represent the collective action members.

2.  Unpaid minimum wages, reimbursement of expenses, and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations.

3.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4.  Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel.

5.  A declaratory judgment that the practices complained of herein are unlawful under Section 34a and O.R.C. § 4113.15.

6.  An award of unpaid minimum wages due under Section 34a.

7.  An award of damages under Section 34a, based on Defendants' failure to pay wages, calculated as an additional two times of back wages.

8.  An award of restitution for unjust enrichment.

9.  Liquidated damages under O.R.C. § 4113.15.

10.  Compensatory and punitive damages under O.R.C. § 2307.60.

11.  An award of prejudgment and post-judgment interest.

12.  An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

13.  Such other and equitable relief as the Court deems appropriate.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Susan L. Butler (OH No. 0082811)
Daniel J. Treadaway (OH No. 0098000)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
sbutler@mezibov.com
dtreadaway@mezibov.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury trial to resolve all issues of fact related to this Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)