**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KEVIN MORSE,** | : | |
| | : | **Case No. 1:21-cv-377** |
| **Plaintiff,** | : | |
| | : | **Judge Cole** |
| **vs.** | : | |
| | : | **MOTION TO DISMISS OF** |
| **FIFTY WEST BREWING COMPANY** | : | **DEFENDANT NEW BROTHERS** |
| **LLC, et. al.,** | : | **BREWING, LLC** |
| | : | |
| **Defendants.** | : | |

Defendant New Brothers Brewing LLC ("New Brothers Brewing"), through

counsel and pursuant to the Federal Rule of Civil Procedure 12(b)(6), requests this

Court to dismiss the Complaint filed against it by Plaintiff Kevin Morse ("Plaintiff"). The

grounds for this motion are set forth in the attached memorandum in support.

Respectfully submitted,

/s/ *Sarah Clay Leyshock*
Sarah Clay Leyshock (0081695)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio  45202
Tel.:  513-381-2838
Fax:  513-381-0205
sleyshock@taftlaw.com

*Attorney for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KEVIN MORSE, on behalf of himself** | : | |
| **and others similarly situated,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 1:21-cv-377** |
| | : | |
| **vs.** | : | **Judge Cole** |
| | : | |
| **FIFTY WEST BREWING COMPANY** | : | **MEMORANDUM IN SUPPORT OF** |
| **LLC, et. al.,** | : | **DEFENDANT'S MOTION TO** |
| | : | **DISMISS** |
| **Defendants.** | : | |

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court should dismiss all claims against New Brothers Brewing, LLC ("New Brothers Brewing") because New Brothers Brewing is not a separate legal entity from Defendant Fifty West Brewing Company, LLC ("Fifty West Brewing").

I.    **FACTS AND ALLEGATIONS**

Plaintiff Kevin Morse ("Plaintiff") filed this action against Defendants on June 4, 2021. (Plaintiff's Complaint ("Compl."); ECF No.1.)  Defendant Fifty West Brewing manufactures and distributes beer in conjunction with the operation of two "quick service" restaurants in Cincinnati and Chillicothe, Ohio (the "Burger Bars") and a Brewpub in Cincinnati, Ohio.  (Answer and Affirmative Defenses of Defendants Fifty West Brewing, LLC, Robert Joseph Slattery and Robert James Slattery ("Def. Ans."), ¶ 11; ECF No. 6, PageID 25.)  Defendant Fifty West Brewing was formerly named Defendant New Brothers Brewing, which operated from January 17, 2012 until it officially changed its name to "Fifty West Brewing Company, LLC" on January 17, 2018. (Def. Ans. ¶16; ECF No. 6; PageID 26; See also Exhibit 1 attached hereto.)

Plaintiff's Complaint alleges violations of the FLSA, 34a of the Ohio Constitution, and the Ohio Prompt Pay Act and unjust enrichment.  (Compl. ¶1; ECF No. 1, PageID 2.) It also alleges willful violations of the FLSA during two time periods:  March 21, 2020 to May 9, 2020 and May 10, 2020 through the present. (Compl. ¶1; ECF No. 1, PageID 2.) Plaintiff's Complaint alleges that during this first period, Defendants violated the FLSA by unlawfully distributing employee tips to managers and supervisors. (Compl. ¶¶ 2, 51, 55; ECF No. 1, PageID 2, 10,11.)  Plaintiff's Complaint alleges that during this second period, Defendants violated the FLSA by unlawfully distributing employees tips to employees who are not regularly and customarily tipped.  (Compl. ¶¶ 2, 51; ECF No. 1, PageID 2, 10.)  The Complaint also claims Plaintiff is entitled to compensatory and punitive damages under O.R.C. § 2307.60 due to alleged willful violations of the FLSA. (Compl. ¶ 75; ECF No. 1, PageID 14.)  Finally, the Complaint seeks a class and collective action, damages, and other forms of relief, including but not limited to injunctive relief of "[a] declaratory judgment that the practices complained of herein are unlawful under Section 34a and O.R.C. 4113.15." (Compl. subparagraphs 1-13 of the Prayer for Relief; ECF No. 1, PageID 14-15.)

New Brothers denies that Plaintiff is entitled to any of the requested relief.  It also seeks dismissal of all claims against it because it is not a separate legal entity from the already named Defendant Fifty West Brewing.  Rather, for all time periods relevant to this case, New Brothers and Fifty West have been the same legal entity.

II.  **LEGAL STANDARD**

The Court may dismiss a cause of action under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. A motion to dismiss for failure

to state a claim tests the sufficiency of the complaint. *Aaron v. Medtronic, Inc.*, 209 F.Supp.3d 994, 999 (S.D. Ohio, 2016). When considering a motion to dismiss, the court must accept the allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and draw reasonable inferences in favor of the plaintiff. *Reeves v. PharmaJet, Inc.*, 846 F.Supp.2d 791, 795 (N.D. Ohio, 2012). A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint without converting the motion to a motion for summary judgment if such materials are public records or are otherwise appropriate for the taking of judicial notice. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). A court may take judicial notice of any fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

III.     **ARGUMENT**

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court should dismiss all claims against Defendant New Brothers Brewing because Defendant New Brothers Brewing and the already named Defendant Fifty West Brewing are the same legal entity.

A.     **New Brothers Brewing Is Merely a Former Name of Defendant Fifty West Brewing.**

Under Fed. R. Civ. P. 12(b)(6), the Court should dismiss all claims against New Brothers Brewing because the Complaint fails to state a claim against Defendant New Brothers Brewing upon which relief can be granted because Defendant New Brothers Brewing and the already named Defendant Fifty West are not separate legal entities. Rather, Defendant New Brothers Brewing changed its name to Fifty West Brewing Company,

LLC in 2018, well before any of the alleged acts that are the subject of the Plaintiff's Complaint.  (Def. Ans. ¶ 16; ECF No. 6; PageID 26.)   A true and accurate copy of copy of the Certificate of Amendment filed with the Ohio Secretary of State on January 23, 2018 effectuating the name change is attached as Exhibit 1.  The Court may take judicial notice of this fact because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Though the Complaint alleges that Defendant New Brothers Brewing conducts business under the name "Fifty West Brewing Company," this is incorrect.  (Compl. ¶ 16; ECF No. 1, PageID 4)  Defendant New Brothers Brewing did not add or change a registered trade ("doing business as") name, rather it completely changed its legal name to Fifty West Brewing, LLC.  Thus, Defendant New Brothers Brewing and Fifty West have been the same legal entity since 2018. See *Morris v. Johns Manville Int'l, Inc.*, No. 1:09-CV-232, 2010 WL 3825867, at *5 (E.D. Tenn. Sept. 24, 2010) (Held two named defendants were the same corporate entity when one of the named defendants was simply a prior business name of the other defendant.)

The Complaint alleges generally that Plaintiff is an employee of Defendant New Brothers Brewing (Compl. ¶¶ 8, 17; ECF No. 1, PageID 3, 4) and that he was an employee of "Defendants" during the time period from March 21, 2021 through the present.  (Compl. ¶ 27; ECF No. 1, PageID 6).  In fact, Plaintiff was employed only by Defendant Fifty West Brewing from April 15, 2019 until March 15, 2020 and from May 6, 2020 until August 5, 2021. (Def. Ans. ¶8; ECF No. 6; PageID 25.)   Further, all claims in the Complaint involve actions that allegedly took place in 2020 through the present. (See, Compl. ¶¶ 3, 27, 29, 32, 37; ECF No. 1, PageID 2, 6, 7, 8.)

Because Defendant New Brothers Brewing changed its name to Defendant Fifty West Brewing in 2018 and they are not separate legal entities, Plaintiff fails to state a claim against Defendant New Brothers Brewing upon which relief can be granted. Therefore, all claims against Defendant New Brothers Brewing should be dismissed.

IV.    **CONCLUSION**

For the foregoing reasons, this Court should dismiss all claims against Defendant New Brothers Brewing.

Respectfully submitted,

/s/ *Sarah Clay Leyshock*
Sarah Clay Leyshock (0081695)
Brian G. Dershaw (0072589)
Ivy Charneski (0100204)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio  45202
Tel.:  513-381-2838
Fax:  513-381-0205
sleyshock@taftlaw.com
bdershaw@taftlaw.com
icharneski@taftlaw.com

*Attorneys for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of August 2021, I filed the foregoing using the

Court's CM/ECF system, which will send electronic notice to the following:

Brian J. Butler (OH No. 0082675)
Susan J. Butler (OH No. 0082811)
Daniel J. Treadaway (OH No. 0098000)
Mezibov Butler
615 Elsinore Place
Cincinnati, OH  45202
bbutler@mezibov.com
sbutler@mezibov.com
dtreadaway@mezibov.com


                        __ */s/ Sarah Clay Leyshock*_____