UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN MORSE

  Plaintiff,

 v.

          Case No. 1:21-cv-377
          JUDGE DOUGLAS R. COLE

FIFTY WEST BREWING
COMPLANY LLC, et al.

  Defendants.

## OPINION AND ORDER

  This cause comes before the Court on Defendant New Brothers Brewing, LLC's ("New Brothers") Motion to Dismiss ("Motion," Doc. 9) under Federal Rule of Civil Procedure 12(b)(6), filed on August 6, 2021. Plaintiff Kevin Morse filed an Opposition (Doc. 14) on August 19, 2021, and New Brothers filed a Reply (Doc. 15) on September 2, 2021.

  The gist of the Motion is that "New Brothers" is not a distinct legal entity, but rather a previous name for the entity now known as Fifty West Brewing Company LLC. ("Fifty West"). For the reasons stated more fully below, the Court **GRANTS** New Brothers' Motion (Doc. 9) and accordingly **DISMISSES** all claims against New Brothers to the extent New Brothers is named in the Complaint (Doc. 1) as a legal entity independent of Fifty West. However, to the extent Morse asserts claims against the entity formerly known as New Brothers, and now known as Fifty West, those claims survive.

1

## BACKGROUND

Morse is an employee at Fifty West Brewing Company, a restaurant chain with two locations allegedly operated by defendants Fifty West; New Brothers; Robert Slattery, Jr.; and Robert Slattery, Sr. (collectively "Defendants"). (Compl., Doc. 1, #1[1], 6). Morse alleges that, in the course of operating these two restaurant locations, Defendants violated the Fair Labor Standards Act, Ohio's Prompt Pay Act, and other laws, by mishandling employee tips. (*Id.* at #8–14). Morse brings his Complaint as a collective and class action on behalf of himself and other Fifty West Brewing Company employees who were similarly injured by Defendants' alleged mishandling of tips. (*Id.* at #2).

New Brothers has now moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). It argues that the Court should dismiss it as a party because it "is not a separate legal entity from Defendant Fifty West Brewing Company, LLC." (Mot., Doc. 9, #47). Rather, New Brothers argues that it is merely the former name of the entity that is now known as Fifty West. That is, on January 17, 2018, the business entity named New Brothers changed its name to Fifty West. (*Id.* at #47). Accordingly, New Brothers argues (or perhaps it would be more accurate to say Fifty West argues) that, to the extent Morse asserts any claims against New Brothers as an independent legal entity, that entity does not exist, and so those claims should be dismissed. Conversely, to the extent Morse brings claims against New Brothers as the former name of Fifty

---

[1] Refers to PageID #.

West, that legal entity is already named as a party in this suit, so any claims against New Brothers are redundant.

In support of its argument, New Brothers relies entirely on a Certificate of Amendment it attaches with its Motion to Dismiss. (Doc. 9-1). That Certificate, obtained from the Ohio Secretary of State's website and dated January 23, 2018, certifies that New Brothers changed its name to Fifty West on January 17, 2018. (*Id.* at #54–55).

## LEGAL STANDARD

At the pleadings stage, a complaint must "state[] a claim for relief that is plausible, when measured against the elements" of a claim. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). "To survive a motion to dismiss, in other words, [the plaintiff] must make sufficient factual allegations that, taken as true, raise the likelihood of a legal claim that is more than possible, but indeed plausible." *Id.* (citations omitted).

In making that determination, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (internal quotation marks omitted). That is so, however, only as to well-pled factual allegations. The Court need not accept "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, the Court need not accept as true any legal conclusions alleged in a complaint, nor

will "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" suffice. *Id.*

With that in mind, the well-pled facts must be sufficient to "raise a right to relief above the speculative level," such that the asserted claim is "plausible on its face." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 546–47. Under the *Iqbal/Twombly* plausibility standard, courts play an important gatekeeper role, ensuring that claims meet a threshold level of factual plausibility before defendants are subjected to the potential rigors (and costs) of the discovery process. Discovery, after all, is not meant to allow parties to discover whether a claim in fact exists, but rather to provide a process for gathering evidence to substantiate an already plausibly-stated claim. *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D. Ohio 2020).

## LAW AND ANALYSIS

If it is true that New Brothers and Fifty West are simply two names for a single limited liability company, then the Court agrees that it should dismiss New Brothers as a party, at least to the extent Morse attempts to assert claims against New Brothers as an independent legal entity. Whether New Brothers and Fifty West actually *are* the same legal entity, however, is a more complicated question.

Ordinarily, at the Motion to Dismiss stage, courts cannot consider facts outside the pleadings and must accept a plaintiff's factual allegations as presented in the Complaint as true. *Bassett,* 528 F.3d at 430. That general rule poses a problem for New Brothers here, as Morse's Complaint specifically alleges that New Brothers and Fifty West are separate legal entities. (Compl., Doc. 1, #4). Thus, if the Court's

4

analysis is confined to the facts as alleged in the Complaint, New Brothers' Motion to Dismiss cannot succeed.

Cognizant of this problem, however, New Brothers argues that the Court is not limited to the facts as alleged in Morse's Complaint in this case, and may instead evaluate New Brothers' Motion in light of the Certificate of Amendment. (Mot., Doc. 9, #50). This is because, New Brothers argues, "[a] court that is ruling on a 12(b)(6) motion may consider materials in addition to the complaint … if such materials are public records or are otherwise appropriate for the taking of judicial notice." (*Id.* at #49). Accordingly, New Brothers states that the Court should take judicial notice of the Certificate of Amendment as a public record and consider it in adjudicating the instant Motion to Dismiss.

Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Under this rule, the court "may take judicial notice of public records, and it is not required to accept as true factual allegations that are contradicted by those records." *Clark v. Stone,* 998 F.3d 287, 298 (6th Cir. 2021) (citing *Bailey v. City of Ann Arbor*, 860 F.3d 382, 387 (6th Cir. 2017)). New Brothers argues that the combination of this rule, with the public record it obtained from the Ohio Secretary of State in the form of a Certificate of Amendment, mandates dismissal here.

5

New Brothers is correct that public records maintained by secretaries of state related to the organization of business entities are the type of records to which courts in this District often have afforded judicial notice. *See, e.g., Howard v. Good Samaritan Hosp.,* No. 1:21-cv-160, 2022 WL 92462, at *3 (S.D. Ohio Jan. 10, 2022) (taking judicial notice of information on the Ohio Secretary of State's website stating the proper defendant in the case was an Ohio corporation); *Amos v. Aetna Life Ins. Co.,* No. 2:19-cv-202, 2019 WL 3773770, at *3 n.1 (S.D. Ohio Aug. 12, 2019) ("[T]his Court takes judicial notice of Aetna's operations within this district as evidenced by a business records search of the Ohio Secretary of State's website …."); *Proctor v. Educ. Credit Mgmt. Corp.,* No. 2:07-cv-839, 2010 WL 3168079, at *4 (S.D. Ohio Aug. 10, 2010) (finding that an entity was not a government agency after taking judicial notice of public records from the Minnesota Secretary of State indicating that it was a non-profit corporation); *Tocci v. Antioch Univ.*, 967 F. Supp. 2d 1176, 1193 n.6 (S.D Ohio 2013). Accordingly, there is ample precedent in this District indicating that the Court may take judicial notice of the Certificate as a public record held by the Ohio Secretary of State. And the Court sees no reason to deviate from the precedent here.

Nor is there any question that, based on the Certificate of Amendment, New Brothers is the defunct name of the entity now known as Fifty West. The Certificate of Amendment shows that New Brothers filed for a name change to Fifty West on January 17, 2018. (Doc. 9-1, #54). Other records on the Ohio Secretary of State's website show that there is only a single business entity—Registrant Number

2075833—associated with either name.² *Entity 2075833,* OHIO SECRETARY OF STATE BUSINESS SEARCH, https://businesssearch.ohiosos.gov?=businessDetails/2075833. Up until the name change, that registrant was known as New Brothers, and since that time, it has been Fifty West. Thus, the Court agrees that, based on the information in the records of which it may take judicial notice, New Brothers should be "dismissed," or in other words, the reference to New Brothers as an allegedly distinct legal entity should be removed from the case.

For his part, Morse does not so much dispute that the records show that New Brothers is now Fifty West, as he argues that the Court should not take judicial notice of the Certificate of Amendment. He offers two reasons. First, Morse argues that, while courts may take judicial notice of public records' existence, they may not take notice of their contents. (Opp'n, Doc. 14, #74). Thus, at the Motion to Dismiss stage, the Certificate of Amendment cannot support New Brothers' argument that it is the same legal entity as Fifty West. Second, Morse argues that even if the Court may ordinarily take judicial notice of documents filed with the Secretary of State's Office—like the Certificate of Amendment—in this case, there is reason to question the Certificate's accuracy, so it should not be considered. The Court rejects each of these arguments.

---

² Note that before New Brothers officially changed its name to Fifty West, it previously registered "Fifty West Brewing Company" as a fictitious name. This fictitious name is registered with the Ohio Secretary of State as entity number 4057983, but, as a fictitious name, it is not a legal entity in its own right. *Entity 4057983,* OHIO SECRETARY OF STATE BUSINESS SEARCH, https://businesssearch.ohiosos.gov?=businessDetails/4057983.

7

As to the first, in drawing a purported distinction between a public record's existence and its contents, Morse relies on the Sixth Circuit's decision in *Passa v. City of Columbus,* 123 F. App'x 694 (6th Cir. 2005). There, the plaintiff alleged that a city government was acting as a debt collector by creating a program where any merchant who received a bad check could report it to the city prosecutor's office. *Id.* at 695–96. The city would then send a letter to the check's writer requesting that he or she attend a mediation session, a practice which the plaintiff alleged violated the Fair Debt Collection Practices Act. *Id.* In dismissing the plaintiff's claim, the district court took judicial notice of—and relied on—the city's statement on its website that the program's purpose was to resolve disputes, not to collect debts. *Id.* at 696–97. The Sixth Circuit reversed, stating that "the use of [public records] is proper only for the fact of the documents' existence, and not for the truth of the matters asserted therein." *Id.* at 697. Thus, the Court reasoned, the lower court should not have taken judicial notice of the city's website as evidence of its motive in establishing the program at issue. *Id.*

But the statement in *Passa* is distinguishable from the instant matter. Here, the "fact of the document's existence" necessarily implies the truth of the contents. Under Ohio Revised Code ("O.R.C.") § 1705.08, the very act of filing a certificate of amendment with the Ohio Secretary of State's office gives legal effect to a limited liability company's name change.[3] Thus, there is no distinction here between the fact

---

[3] After New Brothers' Motion to Dismiss (Doc. 9) was filed, the Ohio Legislature revised the sections in the Ohio Revised Code governing limited liability companies. After those revisions, the relevant section governing amendments changing the name of a limit liability company is now O.R.C. § 1706.161.

8

of the document's existence and its content. Accordingly, the Court finds that *Passa* does not prevent it from taking judicial notice of the Certificate of Amendment in this case.

Separately, Morse argues that, even if courts *ordinarily* take judicial notice of business records held by secretaries of state, in this case the Court should not do so, as there is reason to question the Certificate's accuracy. Morse relies on two pieces of extrinsic evidence for that argument. First, Morse submits a declaration from his counsel asserting that, at the outset of this case "both [Fifty West and New Brothers] were listed with the Ohio Secretary of State as separate, actively operating entities …. Subsequently, it appears that some changes have been made to the publicly available information of the Ohio Secretary of State's website, and they are no longer listed as separate entities." (Opp'n, Doc. 14, #74–75). Aside from his counsel's declaration, however, Morse does not provide any evidence that the Secretary of State's website has been changed.

Second, Morse states that his counsel has obtained copies of insurance policies from the same policy period in the names of both New Brothers and Fifty West. (*Id.* at #75). Moreover, Morse states that at least some of the insurance policies naming New Brothers are for policy periods dating *after* New Brothers allegedly changed its name. (*Id.*). Thus, Morse argues, these documents suggest that Fifty West and New Brothers are separate legal entities. Morse states that his counsel obtained these documents through discovery in a separate and unrelated case against Fifty West

9

and New Brothers, and Morse does not attach them to his Opposition for the Court's review. (*Id.*).

Neither argument carries the day. Although Morse is correct that, under Federal Rule of Evidence 201(b)(2), the Court may not take judicial notice of facts from a source whose accuracy can reasonably be questioned, his efforts to cast doubt on the accuracy of the Ohio Secretary of State's website are unpersuasive. Morse's argument relies entirely on extrinsic evidence—including his counsel's general recollection that the Secretary of State's website changed at some point, as well as a description of insurance policies (produced in a different case and not provided to the Court here) that allegedly suggest New Brothers and Fifty West might be separate entities. But the Court reiterates that, at the motion to dismiss stage, the Court is generally restricted to considering facts within the pleadings. "This rule applies just as much when the plaintiff attaches evidence to its opposition [to a motion to dismiss] as when (as is more common) the defendant attaches evidence to its motion." *Bates v. Green Farms Condo. Ass'n,* 958 F.3d 470, 483 (6th Cir. 2020).

To be sure, there is a well-established exception to this rule for judicial notice. But Morse's "evidence" does not fall under the judicial notice exception, and Morse has not pointed to any other exception that might apply here. Accordingly, the Court cannot consider the extrinsic evidence in Morse's Opposition, leaving his argument that the Certificate may be inaccurate without support. Moreover, even if the Court could consider Morse's extrinsic evidence—undisclosed documents produced in another case and his counsel's memories of the Ohio Secretary of State's website—

these pieces of evidence are so thin that they cannot reasonably cast doubt on the reliability of the Ohio Secretary of State's website as a source for accurate information regarding the organization of business entities within the State.

In short, the Court takes judicial notice of the Certificate of Amendment filed by New Brothers in support of its Motion to Dismiss. (Doc. 9-1). That Certificate demonstrates that New Brothers Brewing, LLC changed its name to Fifty West Brewing Company, LLC in January 2018. (*Id.* at #54–55). Thus, New Brothers and Fifty West are the same legal entity.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** New Brothers' Motion to Dismiss (Doc. 9) and **DISMISSES** all claims against New Brothers Brewing, LLC to the extent that Morse asserts claims against it as a legal entity independent of Fifty West Brewing Company, LLC. All claims against Fifty West survive, including any claims in Morse's Complaint that may have arisen while Fifty West Brewing Company was operating under its former name as New Brothers Brewing, LLC. Of course, to the extent that discovery would somehow show that Defendants are misrepresenting the facts, and that there are indeed two distinct entities, one named New Brothers and one named Fifty West, the Court will allow Morse to re-add New Brothers as a party at that time, and any such amendment will relate back to the original filing date of this action.

**SO ORDERED.**

<u>March 31, 2022</u>　　　　　　　　　　　　　　　　_____
**DATE**　　　　　　　　　　　　　　　　　　　　**DOUGLAS R. COLE**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**